UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| VALERIE GARZA, Individually and in behalf of B.A.G., an unborn viable fetus, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 2:18 CV 202<br>) |
| UNITED STATES OF AMERICA, | )<br>) |
| Defendant. | ) |

## OPINION and ORDER

This matter is before the court on the motion to dismiss filed by the United States of America, the defendant in this case. (DE # 11.) For the reasons set forth below, the motion is granted.

I.  BACKGROUND

Plaintiff Valerie Garza filed a complaint in the Porter Superior Court on January 16, 2018, alleging that on or about July 6, 2016, a physician provided negligent healthcare services that resulted in the death of plaintiff's unborn child. (DE # 4.) On May 23, 2018, defendant removed the complaint to this federal court (DE # 1) and substituted itself as defendant in this case pursuant to 28 U.S.C. § 2679(d)(2) (DE # 5), stating that the physician named in the complaint was effectively an employee of the United States because he was acting within the scope of his employment as a Public Health Service employee pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)-(n), at the relevant time. (DE ## 1, 5.)

Defendant has now moved to dismiss the complaint for lack of subject matter jurisdiction. (DE # 11.) Defendant claims that: (1) this court lacks derivative jurisdiction, and (2) plaintiff failed to exhaust administrative remedies as required by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* Plaintiff responded to the second argument, only. Regardless, the motion is ripe for ruling. Because, as explained below, the court lacks derivative jurisdiction over this matter, the motion is granted and the court need not consider the issue of exhaustion of remedies.

## II.     LEGAL STANDARD

Defendant's motion to dismiss falls under Rule 12(b)(1), which is the vehicle for asserting that the court lacks jurisdiction over the subject matter. A Rule 12(b)(1) motion can present either a facial or factual challenge to subject matter jurisdiction. *Apex Digital, Inc. V. Sears, Roebucks & Co.,* 572 F.3d 440 (7th Cir. 2009). A facial attack, like this one, is a challenge to the sufficiency of the pleading itself. *Id.* When such a challenge has been presented, the court takes all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Long v. Shorebank Dev. Corp.,* 182 F.3d 548, 554 (7th Cir. 1999).

## III.    DISCUSSION

Defendant's argument is, essentially, that this court lacks jurisdiction over this matter because the Porter Superior Court lacked jurisdiction to begin with. This argument invokes the doctrine of derivative jurisdiction, a general rule under which a federal court may only inherit, via removal, whatever jurisdiction was held by the state

court prior to removal. *Rodas v. Seidlin,* 656 F.3d 610, 615-16 (7th Cir. 2011); *Edwards v. United States Dep't of Justice,* 43 F.3d 312, 316 (7th Cir. 1994).

In this case, defendant's argument appears technically correct. The physician named in the original complaint was certified as a Public Health Service employee, so he is a federal employee covered by sovereign immunity. 42 U.S.C. § 233(g)(1)(A). This immunity has been waived under the FTCA for purposes of suits like this, but actions brought under the FTCA may only be brought in federal district court. 28 U.S.C. §1346(b)(1); *Midwest Knitting Mills, Inc. v. United States,* 950 F.2d 1295, 1297 (7th Cir. 1991). This case was originally filed in state court, which lacked jurisdiction. Removal was proper under 42 U.S.C. § 233(c), but the doctrine of derivative jurisdiction mandates that this court may only inherit whatever jurisdiction was held by the state court. *Rodas,* 656 F.3d at 615-16; *Edwards,* 43 F.3d at 316. Therefore, even though the case has now been properly removed to federal court, the doctrine of derivative jurisdiction dictates that this case cannot be before this federal court because it was never properly before the state court from which it was removed.

Had plaintiff made an argument in response, she might have contended that the Seventh Circuit, in *Rodas*, allowed a defect like this to be overlooked, despite the doctrine of derivative jurisdiction, in a case that was removed pursuant to 28 U.S.C. § 1442. 656 F.3d 610. This court would have indeed been tempted to allow *Rodas* to infiltrate the present territory of removals under 42 U.S.C. § 233(c). After all, if the case *must* be heard in federal court, and in federal court it now lies, why dismiss and require

plaintiff to file anew? Yet, district courts addressing *Rodas* have limited its application to cases where the dispute had already proceeded to a disposition on the merits. *Brown v. Hosp. "A"*, No. 2:17-CV-125, 2017 WL 5989717, at *3 (N.D. Ind. Dec. 4, 2017) (Lozano, J.); *Ajabu v. Harvey*, No. 118CV01243-JMS-MJD, 2018 WL 3586588, at *5 (S.D. Ind. July 26, 2018) (Magnus-Stinson, J.); *Pelto v. Office of Reg'l Chief Counsel*, No. 11-CV-815-WMC, 2013 WL 5295678, at *3 (W.D. Wis. Sept. 19, 2013) (Conley, J.). Further, as the *Pelto* court aptly stated, the "slow creep" that *Rodas* represents against the doctrine of derivative jurisdiction "is for the federal courts of appeals to make, not this [district] court." 2013 WL 5295678, at *3.

For the record, the court notes that the present rule is, as the *Pelto* court articulated, "[b]ewildering." 2013 WL 5295678, at *3. Under the law as it exists at this time, this lawsuit *must* be heard here and also *must not* be heard here, all at once. Dismissal in this case requires plaintiff to re-file in federal court and perhaps argue equitable tolling should she encounter any issues with respect to the statute of limitations. However, this court declines to unilaterally allow further "creeping" of *Rodas* absent more specific direction from the Seventh Circuit Court of Appeals, and follows its fellow district courts in deciding that the doctrine of derivative jurisdiction requires dismissal of this suit. *Brown* , 2017 WL 5989717, at *3 (case dismissed because removal under 42 U.S.C. § 233(c) was limited by doctrine of derivative jurisdiction); *see also Ajabu,* 2018 WL 3586588, at *5 (same, removed under 28 U.S.C. § 1442); *Pelto,* 2013 WL 5295678, at *3 (same).

## IV. CONCLUSION

For the reasons set forth above, the motion to dismiss (DE # 11) is **GRANTED** and the complaint is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**

Date: March 26, 2019

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT